IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST D. FRAZIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2780 |
| | § | |
| | § | |
| ROCKY MOORE, *et al.* | § | |
| | § | |
| Defendants. | § | |

## ORDER OF PARTIAL DISMISSAL

Ernest D. Frazier is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by three TDCJ officers and officials, and by two counsel substitutes (Roxanne E. Simon and Longoria V. Sonja) who were assigned to assist him in a disciplinary hearing.

Section 1915A of Title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no valid claims, the court must dismiss the complaint. For the following reasons, Frazier's claims against the counsel substitutes must be dismissed.

Frazier complains that the counsel substitutes negligently represented him in connection with a disciplinary hearing. "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir.1994). The Fifth Circuit has held that counsel substitutes are not state

actors for purposes of section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Because they were not state actors, their alleged negligence does not raise a claim for relief under 42 U.S.C. § 1983.

Frazier's claims against the defendants Simon and Sonja are dismissed with prejudice under 28 U.S.C. § 1915A. The court will conduct further proceedings on Frazier's remaining claims.

SIGNED on April 2, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge